DECISION. *Page 2 
{¶ 1} Plaintiffs Beverly and Homer Chapman filed a complaint for negligence against a number of defendants for injuries Beverly Chapman had sustained when she fell on the sidewalk outside defendant-appellant J.C. Penney Company, Inc.'s ("Penney") store in defendant-appellee Tri-County Mall ("Tri-County"). By agreement of the parties, defendant-appellee J.W. O'Connor Co., Inc., ("O'Connor") was "substituted" for Tri-County as the "proper named defendant." The trial court and the parties referred to both Tri-County and O'Connor as defendants, and we do likewise.
 {¶ 2} Tenant Penney filed a cross-claim against landlords O'Connor and Tri-County for indemnity under a lease agreement. Section 7.2 of the lease stated that O'Connor, as landlord, agreed to indemnify Penney, as tenant, for all "claims, and all costs, expenses, and liabilities incurred in connection with such claims, including any action or proceeding brought thereon, arising from or as a result of (a) any accident, injury, loss, or damage * * * as shall occur in or about the Equitable Site exclusive of the Demised Premises * * * and/or (b) any action or omission whatsoever or negligence of landlord or the agents, contractors, servants or employees of landlord; * * * excepting claims, accidents, injuries, loss, or damages arising from or as a result of any act or omission whatsoever or negligence of Tenant[.]" The "Equitable Site" was defined as the portion of the shopping center owned by the landlord. "Demised Premises" was defined as the "Penney store." Under section 12.3 of the lease, the landlord had the duty to maintain the common areas, including the sidewalks. *Page 4 
 {¶ 3} Penney filed a motion for summary judgment on its cross-claim for indemnity under the lease, which the trial court granted. In its order granting Penney's summary-judgment motion, the trial court stated that Penney was dismissed from the action "with prejudice." Penney filed a motion "for judgment entry to set fees and costs," along with an itemized list of attorney fees and expenses, and an affidavit from counsel stating that the charges were reasonable and necessary for Penney's defense. In its motion, Penney requested that the trial court enter judgment in its favor against O'Connor and Tri-County in "a specific amount" for attorney fees and costs consistent with the court's granting of summary judgment in favor of Penney on its cross-claim for indemnity. Following a hearing, the trial court denied Penney's motion. The court did not give any reason for the denial. At the hearing, the court focused on O'Connor's argument that it was not obligated to indemnify Penney until Penney's negligence, or lack of negligence, was finally determined. Tri-County and O'Connor argued that the Chapmans had asserted separate negligence claims against Penney and that they had no obligation to indemnify Penney until those claims were completely extinguished. No argument was made as to whether the requested fees and expenses were reasonable and necessary. Subsequently, the Chapmans voluntarily dismissed their claims. Penney has appealed.
 {¶ 4} Penney's sole assignment of error alleges that the trial court erred in denying its motion "for judgment entry to set fees and costs."
 {¶ 5} In Auber v. Marc Glassman, Inc.,[1] plaintiff Dolores Auber sustained injuries when she fell on a sidewalk outside the Marc's store in a shopping center in *Page 5 
Cleveland. Auber alleged negligence on the part of Marc's and the owner of the shopping center. The owner filed a cross-claim against Marc's for common-law indemnification and contribution. Marc's filed a cross-claim against the owner for contractual indemnification pursuant to the terms of the lease between Marc's and the owner. Marc's moved for partial summary judgment on the issue of the owner's obligation under the lease to defend and indemnify Marc's against Auber's claims. After settling with the owners, Auber dismissed all claims against all defendants. The trial court granted Marc's motion for partial summary judgment.
 {¶ 6} The Eighth Appellate District affirmed the trial court's entry of partial summary judgment, holding that the owner was obligated under the terms of the lease to defend and indemnify Marc's. Pursuant to the lease, Marc's had agreed to defend and indemnify the owner for any incident occurring in the Marc's store, and the owner had agreed to defend and indemnify Marc's for any incident that occurred in the "common area" that was controlled by the owner. Under the terms of the lease, the sidewalk was in the "common area" controlled by the owner, and, therefore, the owner was required to defend and indemnify Marc's against Auber's claims. The case was remanded for a determination of attorney fees and expenses.
 {¶ 7} In this case, the Chapmans asserted claims for negligent maintenance of the sidewalk and failure to warn of its defective condition. Beverly Chapman's alleged injuries occurred on a part of Tri-County Mall controlled by landlord O'Connor. O'Connor, as landlord, had the duty under the lease to maintain the common areas, including the sidewalk. There was no claim that Penney or any of its employees had caused the defective condition of the sidewalk. All of the Chapmans' claims arose out of O'Connor's alleged negligence in maintaining the sidewalk. This *Page 6 
was exactly the type of situation that the indemnity clause in the lease was designed to cover.
 {¶ 8} The lease required O'Connor to defend and indemnify Penney for the Chapmans' claims. The trial court erred in denying Penney's motion to set fees and expenses. The assignment of error is sustained.
 {¶ 9} The judgment of the trial court denying Penney's motion to set fees and expenses is reversed, and the cause is remanded for a hearing to determine the amount of fees and expenses owed to Penney by O'Connor and Tri-County.
Judgment reversed and cause remanded.
SUNDERMANN, P.J., and HENDON, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] (May 30, 2002), 8th Dist. No. 80283, 2002-Ohio-2749. *Page 1